Tammy J. **HALEY** Plaintiff

v.

**MANNESMANN DEMATIC RAPISTAN CORPORATION, Mannesmann Rapistan Corporation, Demag Acquisition Corporation, Rapistan Demag Corporation, LSI Corporation, and XYZ Corporations Defendants**

No. CIV.A. 3:98–CV–728WS.

United States District Court, S.D. Mississippi, Jackson Division.

July 7, 2000.

William S. Guy, Law Offices of William S. Guy, McComb, MS, for Plaintiff.

Jackson H. Ables, III, George Ellis Abdo, III, Daniel, Coker, Horton & Bell, Jackson, MS, for Defendants.

MEMORANDUM OPINION

WINGATE, District Judge.

THIS MATTER came on for hearing on May 12, 2000, before the court on the

motion of the defendants, Mannesmann Dematic Rapistan Corporation, Mannesmann Rapistan Corporation, Demag Acquisition Corporation, Rapistan Demag Corporation, and LSI Corporation, for summary judgment pursuant to Rule 56(b),[1] Federal Rules of Civil Procedure. Plaintiff opposes the motion. The court, having reviewed the undisputed facts as presented in the defendants' motion and the plaintiff's response to the motion, having reviewed the parties' memoranda of law and having heard argument of counsel, finds as follows.

## I. FINDINGS OF FACT

On or about October 19, 1995, the plaintiff, Tammy J. Haley, was working as a forklift operator for the Wal–Mart Distribution Center in Brookhaven, Mississippi ("Wal–Mart"), when a carton fell from an overhead conveyor system and struck plaintiff. The subject conveyor system was manufactured and installed by Mannesmann Dematic Rapistan Corporation in accordance with Wal–Mart's special criteria and needs.

Plaintiff filed this lawsuit against Mannesmann Dematic Rapistan Corporation, Mannesmann Rapistan Corporation, Demag Acquisition Corporation, Rapistan Demag Corporation, and LSI Corporation, alleging that all these defendants had been negligent in the design, development, testing, manufacturing, assembling, inspecting, marketing, promoting, advertising, selling and/or distributing of the subject conveyor system. Plaintiff alleges that these defendants are jointly liable to her for damages she allegedly has incurred as a result of the carton falling from the overhead conveyor system and hitting her.

On or about November 1, 1999, defendants filed their Motion for Summary Judgment. Defendants, Mannesmann Rapistan Corporation, Demag Acquisition Corporation, Rapistan Demag Corporation, and LSI Corporation, asserted in said motion that they have no liability in this matter since none of them had a part in the design, manufacture, sale or installation of the subject conveyor system. At the hearing on the Motion for Summary Judgment, counsel for plaintiff agreed that there was no basis for alleging liability as to these defendants and agreed that these defendants were entitled to summary judgment.

The remaining defendant, Mannesmann Dematic Rapistan Corporation, argued in the motion that it was entitled to summary judgment on the grounds that plaintiff has presented no proof whatever that the conveyor system at issue was (a) defective in design, or (b) manufactured improperly, or (c) that plaintiff's employer, Wal–Mart (for which the conveyor system was custom designed and manufactured), had been inadequately warned or unaware of the perils posed by improperly loading the system so the boxes might fall off same. Mannesmann Dematic Rapistan Corporation asserted further that plaintiff has presented no proof whatsoever that the subject accident was caused by any other factors except Wal–Mart's own abuse or misuse of the subject conveyor system; or Wal–Mart's disregard for movant's express warnings or disregard for its own knowledge concerning the perils posed by negligently misloading the system. To this list

---

1. Rule 56(b), Federal Rules of Civil Procedure, provides:

    (b) For Defending Party. A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

of causation factors, says defendant, the court should also add plaintiff's choosing to stop and converse with a co-employee directly beneath an operating conveyor.

The uncontradicted evidence establishes that the subject conveyor system (with its safety devices) was specifically designed to handle cartons of specified size parameters. The evidence establishes also that there was a proper way to load cartons on the subject conveyor system. Further, the evidence establishes that Wal–Mart was fully aware of the size guidelines and proper loading procedures for the subject conveyor system.

No proof has been adduced in this matter regarding how the subject conveyor system was loaded just prior to and/or at the time of the subject incident. Further, there has been no proof adduced in this matter as to what may have caused the subject conveyor system allegedly to jam and/or as to what may have otherwise caused the subject carton to fall from the conveyor system and hit plaintiff. In fact, counsel for plaintiff admitted at the hearing on this Motion for Summary Judgment that plaintiff has no proof at all on these points. Finally, there has been no evidence adduced that any carton has ever fallen from the subject conveyor system when the subject conveyor system was operated properly. Wal–Mart employees and corporate 30(b)(6) designees testified without contradiction that events of this sort typically occur because the conveyor system has been loaded improperly. According to defendant, the dimensions of the subject box fell outside the proper operating parameters for the subject conveyor.

## II. CONCLUSIONS OF LAW

### A. *Summary Judgment Standard*

As this court has noted before, summary judgment will only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *Hirras v. National R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir.1996) (quoting Fed.R.Civ.P. 56(c)). *See also American Federated General Agency, Inc. v. City of Ridgeland, Mississippi*, 72 F.Supp.2d 695, 700 (S.D.Miss.1999). The party seeking summary judgment carries the burden of demonstrating that there is no evidence to support the non-movant's case. *Hirras*, 95 F.3d at 399. "Summary judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." *Kennett–Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980).

### B. *Lack of Evidence Regarding Loading Circumstances*

In order to establish a genuine issue of material fact which would justify submitting this case to the jury, plaintiff is required to come forward with evidence that either (1) the subject conveyor system was properly loaded and a carton fell from it anyway, *see Horton v. American Tobacco Company*, 667 So.2d 1289, 1302 (Miss. 1996) (holding that a manufacturer will be strictly liable where the user of the product is injured by the product while using it in the manner in which it was intended to be used); or (2) if the subject conveyor system was being misused when the subject carton fell from the conveyor system, then that misuse was within the reasonable foreseeability of the manufacturer of the conveyor system, *see Pickering v. Masina I Traktora (IMT)*, 740 So.2d 836, 845 (Miss.1999) (holding that the jury must be instructed that a plaintiff's injuries were caused by his misuse of the tractor and that this misuse of the tractor was not foreseeable by the manufacturer in order

for strict liability to exist). In the instant case, plaintiff has submitted no proof at all regarding how the subject conveyor system was loaded at the time of the accident. Neither has plaintiff presented any evidence whatsoever showing that the cartons loaded on the subject conveyor system were within the size requirements for said conveyor system, or that a box of the proper size fell off the conveyor.

And, nor has plaintiff championed any proof purporting to show that the subject carton fell from the subject conveyor system because of some defect in the equipment, its design, manufacture or assembly. Plaintiff's theory of the case is simply mired in conjecture and supposition; plaintiff's theory lacks any evidentiary support. As such, plaintiff's case is vulnerable to defendant's motion for summary judgment. Accordingly, this court grants summary judgment to defendant Mannesmann Dematic Rapistan Corporation as a matter of law.

Further, as noted above, Mannesmann Rapistan Corporation, Demag Acquisition Corporation, Rapistan Demag Corporation, and LSI Corporation had no part in the design, manufacture, sale or installation of the subject conveyor system. Accordingly, these defendants are entitled to summary judgment as a matter of law.

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that the defendants' Motion for Summary Judgment be and is hereby granted, and that judgment shall be entered dismissing the defendants, Mannesmann Dematic Rapistan Corporation, Mannesmann Rapistan Corporation, Demag Acquisition Corporation, Rapistan Demag Corporation, and LSI Corporation, from this action, with prejudice.